UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FELITA DOBBINS,

              Plaintiff,              **REPORT AND**
-against-                              **RECOMMENDATION**
                                                     2:22-cv-00887 (NJC)(SIL)

THE COUNTY OF NASSAU,
LT. GUY V. BENEDETTO,
OFFICER DARLENE LUFFMAN,
OFFICER KATHLEEN CRONIN,
OFFICER ROBERT JONES,
SGT. RICHARD VETTER,
OFFICER ERIC HALL,
OFFICER MICHAEL MARRONE, *and*
AMT WILLIAM BATTERSON,

              Defendants.
----------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

      This matter is before the Court on referral from the Honorable Nusrat Jahan Choudhury to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that the claims brought by Felita Dobbins ("Plaintiff" or "Dobbins") be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and that such dismissal should become with prejudice if Plaintiff fails to appear within 60 days of a final order on this issue.[1]

---

[1] The Court notes that Defendants filed a motion to dismiss for lack of prosecution on April 5, 2024. *See* DE [32]. This Report and Recommendation is in accordance with that motion. Further, because Plaintiff has failed to appear four times in a row for conferences scheduled before this Court, it is this Court's practice to recommend *sua sponte* that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

1

I.  BACKGROUND

By way of Complaint dated February 17, 2022, Dobbins brought this action against the County of Nassau and John Does #1-8 alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983, assault and battery causes of action against the John Does, and a *respondeat superior* claim against the County of Nassau.  *See* Complaint, DE [1]. These defendants answered the Complaint on March 4, 2022.  *See* Answer to Complaint, DE [6].  Plaintiff filed her Amended Complaint on November 18, 2022. *See* Amended Complaint, DE [14].  The Amended Complaint replaced Defendants John Does #1-8 with Defendants Lieutenant Guy V. Benedetto, Police Officer Darlene Luffman, Police Officer Kathleen Cronin, Police Officer Robert Jones, Sergeant Richard Vetter, Police Officer Eric Hall, Police Officer Michael Marrone, and Ambulance Medical Technician William Batterson (collectively with the County of Nassau, "Defendants").  *See* Amended Complaint, ¶ 8.  Defendants answered the Amended Complaint on November 18, 2022. *See* Answer to Amended Complaint, DE [15].

On November 2, 2023, Plaintiff's counsel moved to withdraw for reasons unrelated to this Report and Recommendation.  *See* Motion to Withdraw, DE [23]. The Court granted this motion on November 14, 2023, and Plaintiff has since proceeded *pro se*.  *See* Minute Order, DE [26].  On January 9, 2024, all parties failed to appear for a scheduled telephonic status conference.  *See* Minute Order, DE [27]. An in-person conference was scheduled for February 20, 2024.  *Id.*  Plaintiff failed to

2

appear on that date, and she was "reminded that repeated failures to appear may result in a Recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41." *See* Minute Order, DE [28]. This Minute Order was served on Plaintiff at her last known address. *See* Certificate of Service, DE [29]. All parties failed to appear at the next scheduled conference on March 12, 2024, and a status conference was set for April 29, 2024. *See* Minute Order, DE [30]. Plaintiff was again reminded that she risked dismissal pursuant to Fed. R. Civ. P. 41 if she continued to fail to appear, and this Minute Order was served on Plaintiff. *See id.*; Certificate of Service, DE [31]. Defendants moved to dismiss the Amended Complaint for lack of prosecution on April 5, 2024. *See* Motion to Dismiss, DE [32]. Due to a change in the Court's calendar, the April 29, 2024 status conference was rescheduled to May 8, 2024, notice of which change was served on Dobbins. *See* Electronic Scheduling Order dated April 10, 2024; Certificate of Service, DE [33]. Plaintiff did not appear at the conference on May 8, 2024. *See* Minute Order, DE [34].

## II. LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

3

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, No. 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length, so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

### III. DISCUSSION

Applying these standards, the Court respectfully recommends dismissal of Dobbins's claims pursuant to Rule 41(b) for failure to prosecute. As detailed above, Plaintiff failed to appear for four consecutively scheduled conferences despite notice by the Court and Defense Counsel, and she has not participated in this litigation in

4

any meaningful way since appearing at the hearing on her counsel's motion to withdraw on November 14, 2023. Under these circumstances, it appears that Dobbins is no longer interested in pursuing her claims or participating in this action any further. Accordingly, the Court recommends that the claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). If Plaintiff does not seek to appear within 60 days of the final order on this issue, this dismissal should be with prejudice.

## IV.   CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff Felita Dobbins's claims be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and that such dismissal become with prejudice if she does not seek to appear within 60 days of a final order on this issue.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defense Counsel is directed to serve a copy on Felita Dobbins within three days of the date below and promptly file proof of service via ECF. If the United States Postal Service returns this copy to Defense Counsel indicating that it could not be delivered to Plaintiff, Defense Counsel shall file a letter on the docket explaining this. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v.*

5

*Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       May 14, 2024

                                     /s/ Steven I. Locke
                                     STEVEN I. LOCKE
                                     United States Magistrate Judge